**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

JOAN METZ, Individually,                                          :
and as Personal Representative of the Estate    :
of Janet Metz, deceased                                        :
7210 Coral Blvd.                                                       :
Miramar, FL 33023                                                   :
                                                                               :
and                                                                          :
                                                                               :
ARMAN METZ                                                         :
7210 Coral Blvd.                                                       :
Miramar, FL 33023                                                   :
                                                                               :
           Plaintiffs,                                           :
                                                                               :
           v.                                                          :       Case No.:
                                                                               :
SUSAN JEANNE ZARUBA HESS,                         :
as Personal Representative of the Estate of        :
Richard W. Hess, Deceased                                   :
3749 Dorsey Search Circle                                     :
Ellicott City, MD 21042                                           :
                                                                               :
           And                                                        :
                                                                               :
WOODS AVIATION, LLC                                        :
d/b/a CHESAPEAKE SPORT PILOT                      :
210 Airport Road                                                     :
Stevensville, MD 21666                                         :
SERVE ON:                                                           :
      HELEN WOODS, Resident Agent                 :
      15033 COURTLAND PLACE                           :
      LAUREL, MD 20707                                      :
                                                                               :
      Defendants.                                                 :

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**COMPLAINT**</u>

      COME NOW the Plaintiffs, Joan Metz, Individually and as Personal

Representative of the Estate of Janet Metz, deceased, and Arman Metz, by and through

their attorneys, Robert R. Michael, Esquire, and Shadoan, Michael & Wells, LLP, for causes of action state as follows:

## PARTIES

1.   Plaintiffs Joan Metz and Arman Metz are residents of Miramar, Broward County, Florida.  Plaintiffs are the parents of the Decedent, Janet Metz.  Janet Metz died on April 19, 2016 as a passenger in a plane crash that was piloted by Richard Hess.  Mr. Hess also perished in the plane crash.  At the time of her death, Janet Metz was a resident of Martin County, Florida.  Plaintiff Joan Metz was appointed by the Circuit Court (Probate Division) for Martin County, Florida to be the Personal Representative of the Estate of Janet Metz, on May 11, 2016.   Said Letters of Administration are attached hereto as Exhibit "1."

2.   Joan Metz and Arman Metz are the only persons entitled by law under MD. R. CIV. P. 15-1001 and Subtitle 9 of Title 3 of MD. CODE ANN., CTS. AND JUD. PROC., to recover damages for the death of Janet Metz.  This claim for wrongful death is filed within three years following the death of Janet Metz.  There are no other persons authorized by law to bring this action.

3.   At all times relevant hereto, Richard Hess was a FAA licensed pilot residing in Howard County, Maryland, and was the pilot in command of a rented Van's RV-12 aircraft federally registered as N276VA, which he was operating in the vicinity of Bay Bridge Airport, Stevensville, Queen Anne's County, Maryland.  As a result of Mr. Hess's pilot error on April 19, 2016, the Van's RV-12 aircraft crashed resulting in his death (and the death of Janet Metz).  The Estate of Richard Warren Hess was opened on May 17,

2016, in the Office of the Register of Wills for Howard County, Maryland.  The Personal Representative of the Estate is Susan Jeanne Zaruba Hess.

4.   At all times relevant hereto, Woods Aviation, LLC d/b/a Chesapeake Sport Pilot provided aircraft sales and rentals, flight training, and aircraft maintenance, through its actual and/or apparent agents, servants, and/or employees, out of a location at Bay Bridge Airport in Stevensville, Maryland.  Chesapeake Sport Pilot is the registered trade name of the business, which is owned and operated by Woods Aviation, LLC.  On April 19, 2016, Richard Hess rented the Van's RV-12 aircraft from Woods Aviation, LLC d/b/a Chesapeake Sport Pilot.  The Van's RV-12 aircraft was officially registered to Yoxford Air LLC, a corporation located in Delaware.  Yoxford Air LLC leased the Van's RV-12 aircraft to Woods Aviation, LLC d/b/a Chesapeake Sport Pilot pursuant to the provisions of Title 14 *Code of Federal Regulations* Part 91

## JURISDICTION AND VENUE

5.   The amount of this claim exceeds the required jurisdictional limit, and venue is proper in the United States District Court for the District of Maryland, pursuant to 28. U.S.C. §1332, due to diversity of citizenship among the parties.  Plaintiffs reside in Florida.  Woods Aviation, LLC d/b/a Chesapeake Sport Pilot is a domestic business entity, registered and maintaining its principal place of business in Maryland.  Woods Aviation, LLC d/b/a Chesapeake Sport Pilot provided aircraft sales and leasing, flight training, and aircraft maintenance, through its actual and/or apparent agents, servants, and/or employees, out of a location at Bay Bridge Airport in Stevensville, Maryland. Maryland is where the negligence complained of occurred.

## FACTS COMMON TO ALL COUNTS

6. This wrongful death action arises from a deadly airplane crash on April 19, 2016 that claimed the lives of the passenger, Janet Metz, and the pilot, Richard Hess. On April 19, 2016, Richard Hess was pilot-in-command of a Van's RV-12 aircraft, federally registered as N276VA at Bay Bridge Airport (W29), Stevensville, Maryland, at the time of the deadly crash.

7. The Van's RV-12 aircraft (N276VA), commanded and piloted by Richard Hess at the time of the deadly crash, was rented by Mr. Hess from Woods Aviation, LLC d/b/a Chesapeake Sport Pilot, who was operating its plane rental business out of Bay Bridge Airport, 210 Airport Road, in Stevensville, Maryland. Yoxford Air, LLC was the registered owner of the aircraft.

8. Richard Hess committed a tort within the State of Maryland; specifically, he negligently piloted the Van's RV-12 aircraft on April 19, 2016, by failing to maintain reasonable speed and altitude while attempting to land the aircraft at Bay Bridge Airport in Stevensville, Maryland. According to the National Transportation Safety Board (NTSB), for reasons further explained below, the cause of the crash was pilot error.

9. On April 19, 2016, Richard Hess was pilot-in-command of a Van's RV-12 (N276VA) airplane flying out of Bay Bridge Airport (W29) in Stevensville, Maryland. Richard Hess rented the aircraft from Woods Aviation, LLC d/b/a Chesapeake Sport Pilot. No flight plan was filed for what was deemed a "personal flight," originating from Bay Bridge Airport. Janet Metz was a passenger in the aircraft during the flight.

10. The Van's RV-12 airplane is a two-set, low-wing, fixed landing gear airplane manufactured by Van's Aircraft, Inc.

11.   Richard Hess had very little flight experience in the smaller, "sportier" Van's RV-12 aircraft.  In fact, before this flight, Mr. Hess had completed only two prior flights in the accident airplane make and model with a Woods Aviation, LLC d/b/a Chesapeake Sport Pilot flight instructor (in March 2016 and April 2016), totaling about 2.4 hours of experience.   Upon information and belief, the name of the instructor was Michael Bangert.  This constitutes the lifetime of experience that Mr. Hess had in any light sport aircraft such as the Van's RV-12.  Yet, on April 7, 2016, Mr. Hess received an "instructor signoff" from Mr. Bangert to fly the Van's RV-12 accident airplane independently.  The instructor was an actual and/or apparent agent, servant and/or employee of Woods Aviation, LLC d/b/a Chesapeake Sport Pilot flight instructor.

12. The flight departed Bay Bridge Airport at about 12:10 p.m. and proceeded to Easton/Newnam Field Airport (ESN) in Easton, Maryland, about 16 nautical miles southeast, where Richard Hess performed a full-stop landing and subsequent takeoff. The flight then departed the ESN traffic pattern and returned to Bay Bridge Airport.

13.   At approximately 12:44 p.m. (EST), Richard Hess was approaching the airport for landing in gusty front quartering crosswind conditions.   According to the NTSB, the best estimate of wind conditions in the vicinity of Bay Bridge Airport at the time of the accident indicated northwest winds at 10 knots, and increasing in wind speed to over 20 knots above the inversion layer (above approximately 800 feet).

14.  According to the NTSB, witnesses observed the airplane on "final approach" (the airplane was attempting to land) at an "unusually low" altitude of between 50 and 75 feet above ground level.  The airplane's nose pitched up, followed by a roll to the right.  The airplane then entered a nose-down attitude and descended to the ground.

The airplane impacted the ground and cartwheeled about 75 feet before coming to rest upright about 750 feet from the runway. A post-impact fire ensued, which consumed the fuselage (the main body of the aircraft). Janet Metz and Richard Hess were killed in the crash.

15. Examination of the wreckage did not reveal any pre-impact mechanical malfunctions that would have precluded normal operation.

16. According to the NTSB, witness observations in the final moments of flight are consistent with an aerodynamic stall. According to the NTSB, "[i]t is likely that the pilot failed to compensate for the gusty crosswind and turbulent conditions during the approach for landing, which resulted in an exceedance of the airplane's critical angle of attack, aerodynamic stall, and subsequent loss of control." The NTSB determined that Richard Hess failed to: (1) attain/maintain the "angle of attack" when attempting to land the aircraft; and (2) attain/maintain proper airspeed. In other words, Mr. Hess was attempting to land the plane at too low of an altitude, and at too slow of a speed. His operation of the aircraft in this regard was in contravention of the Van's RV-12 Operating Handbook regarding landing approaches for the aircraft in gusty wind conditions.

17. The NTSB ultimately determined that the probable cause of the crash to be: "The pilot's failure to maintain airplane control during approach for landing in gusting crosswind conditions, which resulted in an exceedance of the airplane's critical angle of attack and a subsequent aerodynamic stall."

18. Janet Metz was not contributorily negligent and did not assume the risk of her injuries.

**COUNT ONE - NEGLIGENCE**
**WRONGFUL DEATH**
(Joan Metz and Arman Metz, Individually
v. The Estate of Richard W. Hess)

19.   The factual allegations of paragraphs 1 though 18 are incorporated by reference as though fully set forth herein.

20.   At all times relevant hereto, Richard Hess was the pilot-in-command of a Van's RV-12 aircraft, and was under a duty to adhere to the regulations, directives, policies and procedures as set forth in the Vans' RV-12 Pilot Operating Handbook and as a reasonably competent licensed pilot.   As pilot-in-command, Richard Hess was directly responsible for, and the final authority, as to, the operation of the aircraft.

21.   As the pilot-in-command of the Van's RV-12 on April 19, 2016, Richard Hess owed a duty of due care as a reasonably competent airplane pilot to the Decedent, Janet Metz, including, but not limited to:

a. Flying the Van's RV-12 at a reasonably competent and safe altitude while making the approach (landing) at Bay Bridge Airport;

b. Flying the Van's RV-12 at a reasonably competent and safe "angle of attack" while making the approach (landing) at Bay Bridge Airport;

c. Flying the Van's RV-12 at a reasonably competent and safe speed while making the approach (landing) at Bay Bridge Airport, especially accounting for the gusty wind conditions that were present;

d. Adhering to all Federal Air Regulations ("FAR") and Van's RV-12 Pilot Operating Handbook rules and guidelines that were relevant and applicable to Richard Hess while he was flying and attempting to land the aircraft;

e. Adhering to the Van's RV-12 Pilot Operating Handbook, which states: "during gusty wind conditions, fly the landing approach at approximately 5 knots above normal and touch down with the nose slightly lower than for a normal landing";

f. Adheing to the Van's RV-12 Pilot Operating Handbook, which states: use "the wing down top rudder method touching first on the down wing side main wheel, followed by the other main wheel, and finally lowering the nose wheel all the while keeping the stick into the wind";

g. Adhering to the FAA Airplane Flying Handbook (FAA-H-8083-3B), Chapter 8, which states:  use the "wing-low (sideslip) method" of approach (landing) and/or a "power-on" approach at an airspeed slightly above the normal approach speed, when facing horizontal wind gusts as Richard Hess was experiencing on April 19, 2016;

h. For other reasons which may be identified during the process of discovery.

22.    As pilot-in-command of the Van's RV-12 aircraft, Richard Hess was in breach of the above duties owed to the Decedent, and as concluded by the NTSB itself, his pilot errors were the proximate cause of the airplane crash.

23.    As a direct and proximate result of these acts of negligence on the part of the Richard Hess, causing the wrongful death of Janet Metz, the Plaintiffs, Joan Metz and Arman Metz, Individually, make a claim for all compensatory, pecuniary and solatium damages as provided by the MD. CODE ANN., CTS. AND JUD. PROC, §§ 3-901 through 3-904.

WHEREFORE, as a result of the foregoing, Plaintiffs, Joan Metz and Arman Metz respectfully demand judgment against Defendants, jointly and severally, for compensatory damages in excess of the $75,000.00 jurisdictional limit, plus interest, costs and other permissible damages.

**COUNT TWO - NEGLIGENCE**
**SURVIVAL CLAIM**
(Joan Metz, as Personal Representative of
the Estate of Janet Metz, deceased v. The Estate of Richard W. Hess)

24.    The factual allegations of paragraphs 1 through 23 are incorporated by reference as though fully set forth herein.

25.  As a direct and proximate result of the aforementioned acts of negligence on the part of the Richard Hess, through no fault of her own, the Decedent Janet Metz did in the past suffer great injury to her body and brain prior to her death; and did in the past suffer great pain, suffering, and mental anguish including pre-impact fright prior to her death.   In addition, the Decedent suffered loss of enjoyment of life and the ability to pursue the ordinary pleasures of life because of her physical and mental injury.   And finally, the Estate of Janet Metz incurred costs for funeral, burial and internment expenses.

WHEREFORE, as a result of the foregoing, Plaintiff, Joan Metz, as Personal Representative of the Estate of Janet Metz, deceased, respectfully demands judgment against the Defendants, jointly and severally, for compensatory damages in excess of the $75,000,00 jurisdictional limit, plus interest, costs and other permissible damages.

**COUNT THREE - NEGLIGENCE**
**WRONGFUL DEATH**
(Joan Metz and Arman Metz, Individually
v. Woods Aviation, LLC d/b/a Chesapeake Sport Pilot)

26.   The factual allegations of paragraphs 1 through 25 are incorporated by reference as though fully set forth herein.

27.   At all times material, Defendant Woods Aviation, LLC d/b/a Chesapeake Sport Pilot was the leasee and operator of the Van's RV-12 (N276VA) aircraft that was piloted by Richard Hess on April 19, 2016.   Defendant Woods Aviation, LLC d/b/a Chesapeake Sport Pilot, through its actual and/or apparent agents, servants and/or employees, rented the aircraft to Richard Hess, provided flight school instruction, and "sign-off" to Richard Hess to fly the aircraft.

28.   As operator of the Van's RV-12 (N276VA), the provider of flight instruction, and renter of the aircraft, Defendant Woods Aviation, LLC d/b/a Chesapeake Sport Pilot, through its actual and/or apparent agents, servants and/or employees, owed a duty of due care to the Decedent, Janet Metz, including, but not limited to:

a. Providing reasonably competent flight instruction and training to the Van's RV-12 aircraft trainee, Richard Hess;

b. Providing reasonably competent flight instruction evaluation of the experience level of the Van's RV-12 aircraft trainee, Richard Hess, prior to renting him the Van's RV-12 aircraft and clearing him to independently pilot the aircraft with little-to-no prior experience flying light sport aircraft like the Van's RV-12.

c. Renting the Van's RV-12 (N276VA) to Richard Hess and allowing him to fly independent of a flight instructor;

d. For other reasons which may be identified during the process of discovery.

29.   As operator and rentor of the Van's RV-12 aircraft, Defendant Woods Aviation, LLC d/b/a Chesapeake Sport Pilot was in breach of the above duties owed to the Decedent, and its negligent conduct was the proximate cause of the death to the Decent, Janet Metz.

30.   As a direct and proximate result of these acts of negligence on the part of Defendant Woods Aviation, LLC d/b/a Chesapeake Sport Pilot, causing the wrongful death of Janet Metz, the Plaintiffs, Joan Metz and Arman Metz, Individually, make a claim for all compensatory, pecuniary and solatium damages as provided by the MD. CODE ANN., CTS. AND JUD. PROC, §§ 3-901 through 3-904.

WHEREFORE, as a result of the foregoing, Plaintiffs, Joan Metz and Arman Metz respectfully demand judgment against Defendants, jointly and severally, for compensatory damages in excess of the $75,000.00 jurisdictional limit, plus interest, costs and other permissible damages.

### COUNT FOUR - NEGLIGENCE
**SURVIVAL CLAIM**
(Joan Metz, as Personal Representative of
the Estate of Janet Metz, deceased
v. Woods Aviation, LLC d/b/a Chesapeake Sport Pilot)

31.   The factual allegations of paragraphs 1 through 30 are incorporated by reference as though fully set forth herein.

32.   As a direct and proximate result of the aforementioned acts of negligence on the part of Defendant Woods Aviation, LLC d/b/a Chesapeake Sport Pilot, through no fault of her own, the Decedent Janet Metz did in the past suffer great injury to her body and brain prior to her death; and did in the past suffer great pain, suffering, and mental anguish including pre-impact fright prior to her death.  In addition, the Decedent suffered

loss of enjoyment of life and the ability to pursue the ordinary pleasures of life because of her physical and mental injury.  And finally, the Estate of Janet Metz incurred costs for funeral, burial and internment expenses.

WHEREFORE, as a result of the foregoing, Plaintiff, Joan Metz, as Personal Representative of the Estate of Janet Metz, deceased, respectfully demands judgment against the Defendants, jointly and severally, for compensatory damages in excess of the $75,000.00 jurisdictional limit, plus interest, costs and other permissible damages.

Respectfully submitted,

**SHADOAN, MICHAEL & WELLS, LLP**

Robert R. Michael
108 Park Avenue
Rockville, MD 20850
301-762-5150 (phone)
301-309-8344 (fax)
rmichael@smwlawfirm.com
Federal Bar #:  04259
Attorney for Plaintiffs

**JURY DEMAND**

Plaintiffs, Joan Metz, Individually and as Personal Representative of the Estate of Janet Metz, deceased, and Arman Metz, by and through their attorneys, Robert R. Michael, Esquire and Shadoan, Michael & Wells, LLP, demand a trial by jury of this action.


Robert R. Michael